NUMBER
13-03-510-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

JOSE LUIS SANCHEZ,                                                                     Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                     On appeal from the 377th
District Court

                                        of
Victoria County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 

            








This is an appeal of a conviction of murder by
appellant, Jose Luis Sanchez.  In one
issue, appellant asserts that the trial court=s
decision to admit the dying declaration of the victim was improper hearsay
causing reversible error and was not an exception under the Texas Rule of
Evidence 804(b)(2).  We affirm.

I. STANDARD OF REVIEW

Appellant=s only issue asserts that the trial court abused its
discretion by admitting the testimony of two police officers regarding
statements made by the decedent after he was shot.

The standard of review for the admission and
exclusion of evidence is abuse of discretion. 
Head v. State, 4 S.W.3d 258, 262 (Tex. Crim. App. 1999).  As long as a trial court's evidentiary ruling
could be a subject of reasonable disagreement, the appellate court will not set
it aside.  Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1991). 
In other words, absent an abuse of discretion, a trial court's ruling to
a hearsay objection will be upheld.  Coffin
v. State, 885 S.W.2d 140, 149 (Tex. Crim. App. 1994).

II.  ANALYSIS

While hearsay is generally inadmissable evidence, an
exception to the hearsay rule exists if the declarant is unavailable at the
time of trial, and the statement is "a statement made by declarant while
believing that the declarant's death was imminent, concerning the cause or
circumstances of what the declarant believed to be impending death."  Tex. R. Evid. 804(b)(2); see
also Wilks v. State, 983 S.W.2d 863, 866 (Tex. App.BCorpus
Christi 1998, no pet.). A declarant's belief that death was imminent may be
inferred from circumstances of the case, such as the nature of the injury or
the declarant's conduct. Martinez v. State, 17 S.W.3d 677, 689 (Tex.
Crim. App. 2000).








Appellant contends that the decedent=s
fear of imminent death was quelled by the reassurance that he would live by the
two officers at the scene, and also that appellant was improperly identified by
decedent.  It is uncontested that the
decedent was unavailable at the time of trial.

The two officers at the scene, Richard Plexico and
Alton Johnston, Jr., both testified to the severe nature of the injuries
sustained by the decedent, and that he at many points made statements
indicating awareness of his condition and his wish not to die.  Such statements were made even after the
paramedics were allowed on the scene to treat him.  Officer Johnston testified that the decedent
had a Alook of despair@
during this period.  Neither officer
believed that the reassurance given to comfort the decedent actually resulted
in alleviating the fear of death.  There
is nothing in the record to support the contention that the decedent=s
belief of imminent death was altered by the statements made to comfort him.

We conclude that there was no abuse of discretion on
the part of the trial judge.  Evidence
exists that supports the evidentiary ruling, and no recorded evidence supports
the view that the decedent actually was relieved of his fear of death.  In the light of the abuse of discretion
standard, we must defer to the judgment of the trial court in this issue.  See Coffin, 885 S.W.2d at 149.

In addition to the contention that the decedent=s
belief of imminent death was relieved, appellant also contends that in Officer
Plexico=s testimony, the decedent indicated that appellant
was the assailant, stating that >Loney=
had shot him; >Loney=
is appellant=s nickname. 
According to Officer Johnston=s
testimony, the decedent said >Looney,=
not >Loney,=
was the assailant.








Questions relating to appellant=s
identification hinged upon the admission of the statements made by the
decedent.  Since these statements were
admitted without error, the weight and credibility of the differing testimony
became an issue for the fact finder, and not for this court.  See Muniz v. State, 851 S.W.2d 238,
252 (Tex. Crim. App. 1993).

Accordingly, we overrule appellant=s
single issue.

III. CONCLUSION

We affirm the judgment of the trial court.

 

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

 

Do not Publish.

Tex. R. App. P. 47.2 (b) 

 

Memorandum Opinion delivered and filed

this 30th day of June, 2005.